<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VLADIMIR NIKOLASHIN, | : | Civil No. 13-0189 (JLL) |
| Petitioner, | : | |
| v. | : | <u>OPINION</u> |
| ERIC HOLDER, et al., | : | |
| Respondents. | : | |

**APPEARANCES**:

    YELENA SHAROVA
    1123 Avenue Z - 2nd Floor
    Brooklyn, NY  11235
    Attorney for Petitioner

    DAVID E. DAUENHEIMER, Assistant U.S. Attorney
    Office of the U.S. Attorney
    970 Broad Street Suite 700
    Newark, NJ  07102
    Attorney for Respondent

<u>LINARES</u>, District Judge:

    Vladimir Nikolashin, who is detained at Hudson County Correctional Center in New Jersey, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his pre-removal period mandatory detention, pursuant to 8 U.S.C. § 1226(c), in the custody of the Department of Homeland Security ("DHS").  Respondent filed an Answer and Nikolashin filed a Reply.  This Court holds that Nikolashin's detention is governed by 8 U.S.C. § 1226(a) because he is not an alien who was taken into DHS custody when the he was released from incarceration for a crime listed in § 1226(c).  This Court will grant a Writ of Habeas Corpus directing the

Immigration Judge to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a) to determine if Nikolashin is a flight risk or danger to the community.

## I.  BACKGROUND

Vladimir Nikolashin, a native and citizen of Ukraine, challenges his detention in the custody of DHS at Hudson County Correctional Center.  Nikolashin emigrated to the United States from Ukraine as a Jewish refugee on November 10, 1997, and became a lawful permanent resident in 2000.  On October 24, 2003, the Superior Court of Connecticut sentenced Nikolashin to 4.5 years in prison, immediately suspended, 5 years of probation, and a $2,500 charitable contribution, after he pled guilty to second degree forgery.[1]  (Dkt. 5-3 at 2.)  On March 30, 2012, DHS issued a notice to appear charging Nikolashin with removal, pursuant to § 237(a)(2)(A)(iii) (aggravated felony), see 8 U.S.C. § 1227(a)(2)(A)(iii), and § 237(a)(2)(A)(i) (crime involving moral turpitude committed within 5 years after admission for which a sentence of one year or longer may be imposed), see 8 U.S.C. § 1227(a)(2)(A)(i), based on the Connecticut forgery conviction.  (Dkt. 5-4 at 2-5.)  On September 13, 2012, DHS served the notice to appear on Nikolashin and took him into custody, where he remains.  Id.  On December 20, 2012, the Immigration Judge denied Nikolashin's application for a bond hearing.

Nikolashin filed this habeas petition on January 9, 2013.  He asserts that his continued detention violates due process and is unreasonable and in violation of 8 U.S.C. § 1226.  (Dkt. 1 at 2.)  Specifically, he first contends that DHS violated § 1226 by improperly including him in the mandatory detention category under § 1226(c) (which does not allow release on bond, even if he

---

[1] Nothing in the record indicates that Nikolashin was incarcerated at any time before or after sentencing for this forgery offense.

poses no flight risk or danger to the community), when his detention is properly governed by § 1226(a) (which authorizes the Immigration Judge to release him on bond), because DHS did not take him into custody when he was released from incarceration for an offense listed in § 1226(c). Second, he argues that, if his detention is governed by § 1226(c), then his continued future detention will be unreasonably prolonged in violation of due process under <u>Diop v. ICE/Homeland Sec.</u>, 656 F.3d 221 (3d Cir. 2011). Third, he maintains that his continued mandatory detention violates due process because, given the substantiality of his challenge to removal, DHS is unlikely to ultimately remove him.

      On January 17, 2013, this Court ordered DHS to file an answer to the merits of Nikolashin's claims, and to file all documents relating to his claims and the government's defenses. This Court expressly ordered the government to specify in the answer and to provide documentation of the date on which Nikolashin was released from criminal incarceration for a crime listed in § 1226(c). (Dkt. 2.)

      The government filed an Answer (Dkt. 5), together with the declaration of counsel and several exhibits, including the Connecticut judgment of conviction, the notice to appear, and notices regarding the scheduling of hearings before the Immigration Judge. The government argues that this Court should find that Nikolashin's detention is governed by § 1226(c) because this Court should defer to the Board of Immigration Appeal's interpretation of § 1226(c) in <u>Matter of Rojas</u>, 23 I.&.N.Dec. 117 (BIA 2001), and, in any event, even if § 1226(c) requires immediacy, the statute does not deprive DHS of the authority to mandatorily detain aliens who were not taken into DHS custody until years after release from criminal incarceration. Petitioner filed a Reply opposing the Answer, and the matter is ripe for disposition.

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of DHS at the time he filed his Petition, see Spencer v. Kemna, 523 U.S. 1, 7 (1998), and he asserts that his mandatory detention is not statutorily authorized by 8 U.S.C. § 1226(c).  See Zadvydas v. Davis, 533 U.S. 678, 699 (2001); Diop v. ICE/Homeland Security, 656 F. 3d 221, 226 (3d Cir. 2011).

B.  Relevant Statutes

Section 1226 governs the pre-removal-period detention of an alien.  Section 1226(a) authorizes the Attorney General to arrest and detain an alien pending a decision on whether the alien is to be removed from the United States, or to release him or her on bond, "except as provided in subsection (c)."  See 8 U.S.C. § 1226(a).  The exception in § 1226(c) commands that the Attorney General "shall take into custody any alien [specified in this subsection] when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense."  8 U.S.C. § 1226(c)(1).  Significantly, an alien detained under § 1226(c) must be detained until his removal is final, regardless of whether he is a flight risk or danger to the

community, unless the Attorney General determines that the alien should be part of the federal witness protection program, provided detention has not become unreasonably prolonged. See Diop v. ICE/Homeland Sec., 656 F. 3d at 232 ("At a certain point, continued detention becomes unreasonable and the Executive Branch's implementation of § 1226(c) becomes unconstitutional unless the Government has justified its actions at a hearing inquiring into whether continued detention is consistent with the law's purposes of preventing flight and dangers to the community"). Section 1226 provides in relevant part:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General –
>
>   (1) may continue to detain the arrested alien; and
>
>   (2) may release the alien on –
>
>     (A) bond of at least $1,500 . . ; or
>
>     (B) conditional parole; but
>
>   (3) may not provide the alien with work authorization . . . unless the alien is lawfully admitted for permanent residence or otherwise would . . . be provided such authorization.
>
> (b) Revocation of bond or parole
>
> The Attorney General at any time may revoke a bond or parole authorized under subsection (a) of this section, rearrest the alien under the original warrant, and detain the alien.
>
> (c) Detention of criminal aliens
>
> (1) Custody

> The Attorney General shall take into custody any alien who -
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or
>
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(a), (b), (c)(1).

C.  Section 1226(c) and the Requirement for "Release After" October 8, 1998

Section 1226(c) was enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").  See IIRIRA Pub. L. No. 104-28, 110 Stat. 3009. Section 303(a) of IIRIRA revised 8 U.S.C. § 1226 to include the mandatory detention exception set forth in § 1226(c).  Section 303(b)(2) of IIRIRA provided that, "[i]f the Attorney General, not later than 10 days after the date of the enactment of this Act, notifies in writing the Committees . . . that there is insufficient detention space and . . . personnel available to carry out" the mandatory detention provision of § 1226(c), the Transition Period Custody Rules" (TPCR) shall be in effect for up to two years.  Id. at § 303(b)(2).  Section 303(b)(2) further provides: "After

6

the end of such 1-year or 2-year periods, the provisions of [§ 1226(c)] shall apply to individuals released after such periods." Id.

"The TPCR expired on October 8, 1998, and the mandatory detention provision of 8 U.S.C. § 1226(c) became effective." Saysana v. Gillen, 590 F.3d 7, 10 n.2 (1st Cir. 2009). Thus, § 303(b)(2) of IIRIRA limits the mandatory detention provisions of § 1226(c) to individuals "released after" the effective date of October 8, 1998. See Saysana, 590 F.3d at 10 & n.2; see also Matter of Garcia Arreola, 25 I.& N.Dec. 267, 269 (BIA 2010) (Section 1226(c) "requires mandatory detention of a criminal alien only if he or she is released from non-DHS custody after the expiration of the TPCR and only where there has been a post-TPCR release that is directly tied to the basis for detention under [§ 1226(c)]"). Id.

In Matter of West, 22 I.&N. Dec. 1405 (BIA 2000), the BIA determined that § 1226(c) did not apply to West, who pled guilty to offenses listed in § 1226(c) on September 29, 1998, and was sentenced on February 5, 1999, to two years of probation, because West was not "released after" the expiration of TPCR on October 8, 1998. The BIA held that because the word "released" in the "released after" language of § 303(b)(2) of IIRIRA requires a release from "physical custody" after October 8, 1998, § 1226(c) did not apply to West who was sentenced to probation. Id. at 1408-1410.

In this case, DHS has not shown that Nikolashin was incarcerated by Connecticut and "released after" October 8, 1998, even though this Court expressly ordered DHS to specify in the answer and document "the date on which Petitioner was released from criminal incarceration for a crime listed in 8 U.S.C. § 1226(c)." (Dkt. 2.) DHS contends that Nikolashin is subject to mandatory detention under § 1226(c) simply because Connecticut sentenced him to 4.5 years in

7

prison, immediately suspended, and 5 years on probation. However, because nothing in the record shows that Nikolashin was released from physical incarceration for an offense listed in § 1226(c) after October 8, 1998, Nikolashin is not subject to the mandatory detention provision in § 1226(c). See Matter of West, 22 I.&N. Dec. 1405 (BIA 2000).

D.  Deferral to Matter of Rojas

DHS argues that § 1226(c) is ambiguous, and that this Court should defer to the BIA's reading of the statute in Matter of Rojas, 23 I.&N. Dec. 117 (BIA 2001), and depart from its prior rulings. Matter of Rojas involved the alien's appeal to the BIA of the Immigration Judge's rejection of the argument that Rojas was not subject to mandatory detention under § 1226(c) because the government failed to apprehend him at the time of his release from incarceration on parole for an offense covered by § 1226(c), and instead waited two days before taking him into custody. See Matter of Rojas, 23 I. & N. Dec. 117. The BIA determined that the language in § 1226(c)(1) is not clear, but is susceptible to different readings. Id. at 120. The BIA then construed the statutory language as follows: "We construe the phrasing 'an alien described in paragraph (1),' as including only those aliens described in subparagraphs (A) through (D) of section [1226(c)(1)], and as not including the 'when released' clause." Matter of Rojas, 23 I. & N. Dec. at 125. Because the BIA concluded that the "when the alien is released" clause does not describe the alien who is subject to mandatory detention under § 1226(c)(1), the BIA found that Rojas "is subject to mandatory detention pursuant to section [1226(c)], despite the fact that he was not taken into Service custody immediately upon his release from state custody." Matter of Rojas, 23 I. & N. Dec. at 127.

The Third Circuit has yet to rule on the "when the alien is released" issue under § 1226(c) and Matter of Rojas, but the First Circuit and the vast majority of Judges in this District have rejected the government's argument that § 1226(c) is ambiguous.[2] See, e.g., Saysana v. Gillen, 590 F.3d 7, 16 (1st Cir. 2009); Rodriguez v. Shanahan, No. 12-6767 (FLW), 2013 WL 396269 (D.N.J. Jan. 30, 2013); Kerr v. Elwood, 2012 WL 5465492 (D.N.J. Nov. 8, 2012); Baguidy v. Elwood, 2012 WL 5406193 (D.N.J. Nov. 5, 2012); Charles v. Shanahan, 2012 WL 4794313 *6 (D.N.J. Oct. 9, 2012); Kporlor v. Hendricks, 2012 WL 4900918 *6 (D.N.J. Oct. 9, 2012); Campbell v. Elwood, 2012 WL 4508160 (D.N.J. Sept. 27, 2012); Kot v. Elwood, 2012 WL 1565438 (D.N.J. May 2, 2012); Christie v. Elwood, 2012 WL 266454 (D.N.J. Jan. 30, 2012); but see Hosh v. Lucero, 680 F.3d 375 (4th Cir. 2012); Desrosiers v. Hendricks, Civ. No. 11-4643 (FSH) opinion (D.N.J. Dec. 30, 2011), on appeal, C.A. No. 12-1053 (3d Cir. docketed Jan. 11, 2012); Diaz v. Muller, 2011 WL 3422856 (D.N.J. Aug 04, 2011).

This Court has previously considered, and rejected, the same arguments which DHS presents in the answer here. See Martinez v. Muller, No. 12-1731 (JLL), 2012 WL 4505895 *4 (D.N.J. Sept. 25, 2012); Gonzalez v. Napolitano, No. 12-2978 (JLL), 2012 WL 3133873 (D.N.J. July 30, 2012); Beckford v. Aviles, No. 10-2035 (JLL), 2011 WL 3515933 (D.N.J. Aug. 9, 2011). "Absent a directive from the Third Circuit, this Court is not inclined to depart from the principles it set forth in Gonzalez and Beckford, namely, that the unambiguous language of the mandatory detention statute requires *immediate* action upon an alien's release from criminal

---

[2] The issue is pending before the Third Circuit in Sylvain v. Holder, C.A. No. 11-3357 (3d Cir. docketed Aug. 31, 2011) (DHS appealed Judge Pisano's order granting habeas relief and ordering a bond hearing), and Desrosiers v. Hendricks, C.A. No. 12-1053 (3d Cir. docketed Jan. 11, 2012) (petitioner's appeal of Judge Hochberg's order denying habeas relief).

9

incarceration." Martinez, 2012 WL 4505895 at *4.  Because DHS did not take Nikolashin into custody until nine years after imposition of his sentence of probation (even assuming that Nikolashin was released from criminal incarceration after October 8, 1998), this Court holds that Nikolashin's detention is governed by § 1226(a).[3]  This Court will accordingly grant a Writ of Habeas Corpus directing the government to conduct a bond hearing before an Immigration Judge.

### III.  CONCLUSION

This Court grants a Writ of Habeas Corpus and directs that an Immigration Judge must provide Petitioner with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a)(2).


      s/ Jose L. Linares
      **JOSE L. LINARES, U.S.D.J.**

DATED: February 7, 2013

---

[3] To the extent not done so previously, this Court rejects the notion that the "when the alien is released" language is a non-binding temporal deadline and that the legal issue in this case concerns "the remedy for missing a statutory deadline." Dolan v. United States, 130 S.Ct. 2533, 2536 (2010).  In any event, even if the question concerns the remedy for missing a statutory deadline, § 1226 contains its own "remedy," i.e., aliens who do not fall within the exception set forth in § 1226(c) are subject to pre-removal period detention under § 1226(a), which allows the release of aliens who are neither a danger to the community nor a flight risk.